UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN ADMIRALTY

IN THE MATTER OF THE
PETITION OF FIRED UP FISHING
CHARTERS LLC FOR
EXONERATION FROM OR
LIMITATION OF LIABILITY
AS THE OWNER OF THE
1992 32' Stuart Angler motor vessel,
HULL IDENTIFICATION
No. MPB32390J293

CASE NO.: 6:22-cv-01591-CEM-DAB

_____/

**RESPONDENT, DENA MARIE WOOLWINE'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY AND CLAIMS AGAINST PETITIONER FIRED UP FISHING CHARTERS LLC**

COMES NOW the Respondent, DENA MARIE WOOLWINE, by and through undersigned counsel, pursuant to 46 U.S.C. Sec. 30501 *et seq.*, Supplement Rule F(5) of the Federal Rules of Civil Procedure, Florida Law, and sets forth her Answer and Affirmative Defenses and Claims against Petitioner, FIRED UP FISHING CHARTERS LLC. (hereinafter "FIRED UP"), as owners of a 32-foot Stuart Angler motor vessel (hereinafter "Vessel"), as follows:

**Answer to Complaint for Exoneration from and Limitation of Liability**

1. Admitted for Jurisdictional Purposes only.

2. Admitted.

3. Admitted.

4. Denied.

1

5. Denied.

6. Admitted.

7. Denied.

8. Denied.

9. Denied

10. Denied.

11. Without knowledge therefore Denied.

12. Admitted.

WHEREFORE, Petitioner's claim for limitation should be denied.

## AFFIRMATIVE DEFENSES

1. The Complaint for Exoneration from or Limitation of Liability fails to state a claim upon which relief may be granted.

2. Petitioner(s) is/are not entitled to exoneration or limitation of liability because at all times material, Petitioner(s) had privity or knowledge of any and all negligent conditions and/or defects and/or unseaworthiness of the Vessel which may have caused or contributed to the Respondent's injuries. Furthermore, at all times material, the Petitioner(s) had privity or knowledge that the Captain was operating the vessel in a negligent manner and/or had inadequate policy or procedures in place to ensure the vessel was operated safely.

3. Pursuant to the "Savings to Suitors" clause, 28 U.S.C. sec, 1333, and all state law remedies, Respondent in filing this Answer and Claims, reserves all rights to pursue all available claims in the forum of her choosing, including state court, for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court, and to have such claims and related damages tried to a jury. The filing of this Answer and Claims in no way constitutes a waiver of

her rights and defenses, and Respondent does not, through this filing, agree to join all issues in this proceeding.

4. The limitation fund is inadequate and the Complaint should be dismissed because the Petitioner has failed to deposit adequate security equal to the value of the boat. Therefore, the limitation fund is inadequate.

5. Respondent avers that all insurance amounts providing coverage for Petitioner for the events and occurrences of the incident at issue, must be included in the limitation fund in the event that the Petitioner prevails in this limitation of liability proceeding, which Respondent denies is appropriate for all the reasons stated herein.

6. Petitioner(s) is/are not entitled to exoneration or limitation of liability because the *accident happened*-and the losses, damages or injuries resulting therefrom were done, occasioned and incurred-with the privity of knowledge of Petitioner(s) and/or their agents and/or employees and/or servants and/or apparent agents. At all times, material, Petitioner(s) could have and should have obtained the necessary information by reasonable inquiry or inspection.

7. Petitioner(s) is/are not entitled to exoneration or limitation of liability because Petitioner(s) and/or their agents and/or employees and/or servants and/or apparent agents, are now and/or were at the time of the incident, with privity or knowledge of *any and all negligent conditions and/or defects of the vessel(s)* which may have caused or contributed to Respondent's injuries. At all times material, Petitioner(s) could have and should have obtained the necessary information by reasonable inquiry or inspection.

8. Petitioner(s) is/are not entitled to exoneration or limitation of liability because *Petitioner's negligence* and/or the negligence of its employees and/or agents, was the proximate cause of the injuries of Respondent.

9. Petitioner(s) is/are not entitled to exoneration or limitation of liability because the accident and any and all damages, injuries and losses resulting from the incident were caused or contributed to by the fault, design, neglect, negligence, or lack of due care by Petitioner(s) and/or their agents and/or employees and/or servants and/or apparent agents.

10. Petitioner(s) is/are not entitled to exoneration of limitation of liability because Petitioner and/or their agents were negligent and/or grossly negligent causing Respondent's damages.

11. Petitioner(s) is/are not entitled to exoneration or limitation of liability because the vessel was unsafe and unfit, causing the incident in question.

12. Petitioner(s) is/are not entitled to exoneration or limitation of liability because the incident occurred as a result of human error, its own.

13. Petitioner(s) is/are jointly and severally liable for the negligent acts of third parties who are not entitled to exoneration and/or limitation of liability. Their Captain and/or maintenance or repair company they used to maintain the steps.

14. Petitioner(s) is/are not entitled to exoneration or limitation of liability because it failed to exercise a high degree of control and supervision so as to avoid the incident in question.

15. The Limitation of Liability Act does not apply to this case because, at all relevant times, the subject vessel was operated in a willful, wanton and reckless manner, or, alternatively, the conduct and actions resulting in the Respondent's injuries took place with the privity and knowledge of Petitioner.

16. To the extent that the Honorable Court determines that the Limitation of Liability Act applies to this case, the limitation fund should include any and all proceeds from any judgment, award or settlement which may be received by Petitioner from any third party in recompense of

any losses or damages sustained herein to the property or interests of Petitioner as a result of the fault or alleged fault of said third party.

17. To the extent that the Honorable Court determines that the Limitation of Liability Act applies to this case, the limitation fund should include the value of the mineral and other appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel and/or owned by Petitioner.

18. The Limitation of Liability Act does not apply to this case, because, at all relevant times, Petitioner(s) knew or should have known the subject vessel to be unseaworthy.

19. Respondent reserves the right to contest the appraisal value of the vessel, its appurtenances, and the adequacy of the security therefor.

20. The Limitation of Liability Act is unavailable to Petitioner insurer(s).

21. Petitioner(s) is/are not entitled to exoneration from or limitation of liability, and the Complaint should therefore be denied, because the events culminating in the injuries of the Respondent were the result of the negligence or fault of the Petitioner, the negligence or fault of those for whom the Petitioner is responsible, the unseaworthiness of the vessel, all of which was with the privity and knowledge of the Petitioner.

22. The Affidavit of Value, the Ad Interim Stipulation for Value and/or Letter of Undertaking filed by Petitioner does not accurately represent the true post casualty value of the subject vessel.

23. To the extent the Petitioner(s), now or in the future, asserts a third party action or otherwise seeks indemnity or contribution from any person or entity, that the Petitioner's cause of action and any ultimate recovery inures to the benefit of the Respondent and is to be added to the Limitation Fund.

WHEREFORE, the Respondent, DENA MARIE WOOLWINE, respectfully requests this Court enter an Order denying Petitioner's Petition for Exoneration from or Limitation of Liability and awarding to Respondent any and all damages allowed by law or equity that this Court deems reasonable, including any and all attorneys' fees and costs associated with this action.

## COUNT I
## CLAIM OF DENA MARIE WOOLWINE AGAINST PETITIONER, FIRED UP FISHING CHARTERS LLC

COMES NOW, specifically reserving all defenses asserted herein, Respondent/Counter-Plaintiff, DENA MARIE WOOLWINE, and respectfully alleges and makes her claim against Petitioner/Counter-Defendant, FIRED UP, as follows:

1. This is an action for negligence which occurred on navigable waters in and around Port Canaveral, Florida.

2. Pursuant to Federal Rule of Civil Procedure 13, this claim arises out of the same transaction and occurrence as does the Petitioner's Complaint for Exoneration from or Limitation of Liability and is also a compulsory counterclaim to said Complaint.

3. DATE OF INCIDENT: March 3, 2022

4. PLACE OF INCIDENT: North Atlantic approximately 4 nautical miles southeast of Port Canaveral, Florida.

5. VESSEL(s): 32-foot Stuart Angler Passenger Vessel ("Vessel").

6. FACTS OF INCIDENT: Respondent/Counter-Plaintiff, DENA MARIE WOOLWINE was on her personal owned vessel untying a fishing line when her vessel was struck by "FIRED UP", a vessel owned by FIRED UP FISHING CHARTERS LLC, and operated by Captain ARRON VOLLMER. At the time of the allision, FIRED UP was on autopilot returning from a local fishing voyage. At all times, Captain ARRON VOLLMER was the operator/master

of the FIRED UP. During the operation of the Vessel, Captain ARRON VOLLMER negligently left the vessel on autopilot while cleaning up the deck. As a result of the negligence of FIRED UP FISHING CHARTERS LLC and/or ARRON VOLLMER, as set forth below, Respondent/Counter Plaintiff, DENA MARIE WOOLWINE, suffered serious injuries.

7. The causes of action asserted in this Claim arise under the Florida law and Maritime law where applicable.

8. At all times material hereto, the vessel was in navigable waterways.

9. At all times Petitioner/Counter-Defendant, FIRED UP, owed a duty of reasonable care under the circumstances to Respondent/Counter-Plaintiff, DENA MARIE WOOLWINE.

10. At all times material hereto the Vessel at issue, was owned, operated, managed, maintained and/or controlled by Petitioner/Counter-Defendant, FIRED UP.

11. At all times, the vessel was under Petitioner/Counter-Defendant's, FIRED UP, direction and control such that they were in privity and knowledge of the dangerous condition aboard the vessel.

12. At all times material hereto, Captain Aaron Volmer was employed by, Petitioner/Counter-Defendant, FIRED UP and he was in course and scope of that employment when the allision in this case occurred.

13. At all times, Petitioner/Counter-Defendant, FIRED UP failed to take reasonable actions, or measures to prevent the injuries to Respondent/Counter-Plaintiff, DENA MARIE WOOLWINE.

14. At all times, Petitioner/Counter-Defendant, FIRED UP, failed to ensure Captain Vollmer was properly trained and/or was operating the vessel in a safe manner.

15. At all material times, the Petitioner/Counter-Defendant, FIRED UP, owned and controlled the vessel at issue.

16. At all material times, Petitioner/Counter-Defendant, FIRED UP was negligent in one or more of the following ways:

   a. Failed to ensure Captain Aaron Vollmer was properly operating the vessel so that it would not collide with other vessels, such as the one that DENA MARIE WOOLWINE occupied;

   b. Failed to provide a seaworthy vessel;

   c. Failed to ensure that its Captain followed proper procedures and protocols so that he would not leave the helm when his vessel was on auto pilot and otherwise unmanned;

   d. Failed to have the vessel manned with enough competent crew to avoid the allision that occurred in this case.

17. Additionally and/or alternatively, Petitioner/Counter-Defendant, FIRED UP was in unseaworthy vessel which caused or contributed to the injuries and damages in this case, in one or more of the following ways:

   a. The vessels navigations instrumentation was not working properly or was not being operated properly;

   b. The crew was incompetent or was acting negligently so that the vessel was unseaworthy;

   c. The vessel lacked safety equipment such as horns or other sound making devices and/or those devices were not used by the captain and/or crew;

   d. The crew was not using proper seamanship for the conditions;

  e. The vessels captain and/or crew were not properly trained;

  f. The vessels radar was either not used or was not working properly to avoid the collision.

  g. The vessel was on autopilot under conditions that were dangerous to other vessels.

18. As a proximate result of the unseaworthiness of FIRED UP, DENA MARIE WOOLWINE was seriously injured.

19. At all times material hereto, Petitioner/Counter-Defendant, FIRED UP, breached the aforementioned duties, when they failed to eliminate the foreseeable hazards as outlined above.

20. At all times material hereto, Petitioner/Counter-Defendant, FIRED UP, breached the duty of care to Respondent/Counter-Plaintiff, DENA MARIE WOOLWINE as set forth above.

21. As a proximate result of the negligence of Petitioner/Counter-Defendant, FIRED UP the Respondent/Counter-Plaintiff, DENA MARIE WOOLWINE, suffered injury and damages.

22. Due to the negligence of the Petitioner/Counter-Defendant, FIRED UP, the Respondent/Counter-Plaintiff, DENA MARIE WOOLWINE, was injured about her body and extremities, suffered pain therefrom, incurred medical expenses in the care and treatment of her injuries, suffered physical handicap, medical expenses of hospitalizations, medical and nursing care and treatment, and/or an aggravation of a previously existing condition.  The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.

  WHEREFORE, Respondent/Counter-Plaintiff, DENA MARIE WOOLWINE, demands that the Complaint for Exoneration from or Limitation of Liability be denied and that she is awarded judgment against Petitioner/Counter-Defendant, FIRED UP, for all compensatory damages

awardable under the law including, attorney's fees, costs, and pre-and post-judgment interest, and demands a trial by jury of all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 27, 2023, a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will generate a copy to counsel of record:

/s/ *Adam Brum*
Adam Brum, Esquire
Florida Bar #: 999512
Morgan & Morgan
111 2nd Avenue NE, Suite 1600
St. Petersburg, FL 33701
Telephone:  (727) 318-6357
Facsimile:   (727) 318-382
Primary Email:   abrum@forthepeople.com
Secondary Email:  sgibsonpeters@forthepeople.com
                         meichinger@forthepeople.com
Attorneys for RESPONDENT/Counter Plaintiff