UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FIRED UP FISHING CHARTERS LLC,**

      Petitioner,

v.                                              Case No: 6:22-cv-1591-RBD-EJK

**DENA MARIE WOOLWINE, FEDERAL INSURANCE COMPANY, and ALL NON-APPEARING POTENTIAL CLAIMANTS,**

      Respondents.

## ORDER

This cause comes before the Court on Petitioner's Motion for Entry of Clerk's Default (the "Motion") (Doc. 52), filed January 17, 2024, which seeks entry of a clerk's default against all non-appearing potential claimants. Upon consideration, the Motion is due to be granted.

### I. BACKGROUND

Petitioner, Fired Up Fishing Charters, LLC, as titled owner of and for a 1992 32' Stuart Angler motor vessel (Hull Identification No. MPB32390J293) (the "Vessel"), under Federal Rule of Civil Procedure 55 and Supplemental Rule F, moves for entry of default against all potential claimants who failed to file claims or answers by the Monition deadline of April 28, 2023. (Docs. 1, 52.) Petitioner initiated this proceeding under 46 U.S.C. § 30501, *et seq.*, and Supplemental Rule F, by filing the

Petition, claiming the right to exoneration from or limitation of liability for an incident involving the Vessel on March 3, 2022, in waters near Port Canaveral, Florida. (*See* Doc. 1.)

On February 24, 2023, the Court entered a Monition, establishing a deadline of April 28, 2023, for claimants to file claims or answers to the Petition. (Doc. 19.) The Court then entered a Notice to Claimants of Complaint for Exoneration from or Limitation of Liability, dated March 24, 2023, stating:

> All persons having such claims must file their respective claims, as provided in Supplemental Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, with the Clerk of this Court at the United States District Courthouse for the Middle District of Florida, 401 West Central Boulevard, Orlando, Florida 32801 and must serve a copy thereof on Horr, Skipp & Perez PA, 9130 South Dadeland Blvd, Suite 1700, Miami, Florida 33156, attorneys for Petitioner, on or before the 28th day of April 2023 or be defaulted.

(Doc. 22 at 1–2.) The Notice went on to state that "[i]f any claimant desires to contest either the right to Exoneration From or the right to Limitation of Liability he or she shall file and serve on the attorneys for Petitioners an answer to the complaint on or before the aforesaid date unless the claim has included an answer, so designated, or be defaulted." (*Id.* at 2.)

In accordance with Supplemental Rule F(4) and the Middle District of Florida Admiralty and Maritime Practice Manual Sections 1(e) and 6(a), Petitioner published the approved Notice with the *Orlando Sentinel*. (*See* Doc. 28.) Two known claimants filed claims in this action. (Docs. 23, 24.) No other person or entities have filed a claim

or answer, or served copies thereof on Petitioner's attorneys. (Doc. 52 at 2.) Because the April 28, 2023, Monition deadline for filing a claim has passed, Petitioner now requests a clerk's default against any potential claimants who failed to file claims or answers by the Monition deadline. (*Id.*)

## II. STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

## III. DISCUSSION

This Court established a Monition deadline of April 28, 2023. (Doc. 19 at 2.) Petitioner published the Court's Notice (Doc. 22) in the *Orlando Sentinel* for the period of time required by Supplemental Rule F. (Doc. 28.)

Other than the two known Claimants, no other persons or entities have contacted Petitioner with a claim, and no persons or entities have filed any paper in this matter. Therefore, it is proper for the Court to enter a clerk's default against all potential claimants who have failed to file a claim or otherwise appear in this action. *See Olympia Dev. Grp., Inc. v. Non-Filing Claimants*, No. 8:09–cv–2230–T–33–AEP, 2010 WL 145887, at *1 & n.1 (M.D. Fla. Jan. 8, 2010) (noting that the court entered a clerk's default against non-filing claimants pursuant to Rule 55(a), prior to entering a default judgment).

## IV. CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. Petitioner's Motion for Entry of Clerk's Default (Doc. 52) is **GRANTED**.

2. The Clerk of Court is **DIRECTED** to enter default against all potential claimants who failed to file a claim in this action by the Monition deadline of April 28, 2023.

**DONE** and **ORDERED** in Orlando, Florida on February 23, 2024.

*[signature]*

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE